133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clay ROSELLE, an individual, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF THE INTERIOR, Defendant-Appellee.
 No. 96-35474.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clay Roselle appeals pro se the district court's summary judgment for the United States Department of the Interior ("DOI") in his action challenging the constitutionality of a congressionally mandated rule imposing a $100 rental fee on holders of unpatented mining claims.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 Roselle contends that the Act and its implementing measures violate due process because they were passed without notice and an opportunity to be heard. This contention lacks merit.
 
 
 4
 Here, Congress directed the DOI to promulgate the rules to carry out the purposes of the Act, and the record indicates that the DOI, through the BLM, properly afforded all interested parties notice and an opportunity to comment on these rules when they were proposed. Accordingly, the requirements of due process were met. See United States v. Locke, 471 U.S. 84, 108 (1985) ("[A] legislature generally provides constitutionally adequate process simply by enacting the statute, publishing it, and, to the extent the statute regulates private conduct, affording those within the statute's reach a reasonable opportunity both to familiarize themselves with the general requirements imposed and to comply with those requirements."); Jones v. United States, 121 F.3d 1327, 1330 n. 4 (9th Cir.1997) (holding that Act met due process requirements with respect to claim that government failed to afford interested parties a reasonable opportunity to familiarize and comply with requirements).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Roselle's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In 1992, Congress passed the Department of the Interior and Related Agencies Appropriations Act, 1993, Pub.L. No. 102-381, 106 Stat. 1374 (1992) ("Act"). Generally, the Act required holders of unpatented mining claims to pay an annual rental fee of $100 per claim for 1993 and 1994. Failure to make payment of the rental fee was deemed an abandonment of the unpatented mining claim. The final rule implemented by the DOI, through the Bureau of Land Management ("BLM"), was codified at 43 C.F.R. § 3833 (1993)
 
 
 [2]
 We reject Roselle's remaining contentions